UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BREANN MARIE M., | Case No. 2:23-cv-01529-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket No. 21] |
| MARTIN O'MALLEY, | |
| Defendant(s). | |

Pending before the Court is a stipulation to award Plaintiff $9,542.52 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), as well as $402 in costs pursuant to 28 U.S.C. § 1920.  Docket No. 21.

Although Plaintiff's fee request is not opposed, the Court has an independent obligation to review the reasonableness of the fee award. *See, e.g.*, *Bradley V. v. Kijakazi*, 2021 WL 4554108, at *1-3 (S.D. Cal. Oct. 4, 2021); *Atunez v. Comm'r of Soc. Sec. Admin.*, 2017 WL 4075830, at *2 (D. Ariz. Sept. 13, 2017); *Keyser v. Astrue*, 2012 WL 78461, at *3 (D. Ore. Jan. 10, 2012); *Lucas v. White*, 63 F. Supp. 2d 1046, 1060 (N.D. Cal. 1999).  Fees awarded under the EAJA are determined based on the lodestar approach, except that the hourly rates are capped unless the Court in its discretion determines otherwise. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012); *see also* 28 U.S.C. § 2412(d)(2)(A).  Supporting the hourly rate for lodestar purposes requires the presentation of evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  The Ninth Circuit has held that "rate determinations in other cases [in that community], particularly those setting a rate for the [specific] attorney[s]" at issue, provide satisfactory evidence as to the prevailing hourly rate. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).  The Court may also rely on its own familiarity with the prevailing rates. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

The attorneys here seek to recover at the statutorily maximum hourly rate of $244.62. *See* Docket No. 21-1 at ¶ 6. A declaration attests that Attorney John Moran has 13 years of social security lawyering experience and that Attorney Charles Binder has a significant number of years of social security lawyering experience that includes handling thousands of administrative hearings and federal court appeals. Docket No. 21-1 at ¶¶ 3, 5. The Court will allow the rate sought as to Attorney Binder given rate determinations for his services in other social security cases in this District. *See Burright v. Kijakazi*, No. 2:21-cv-01288-NJK, Docket No. 32 (D. Nev. Aug. 1, 2022). The Court will allow the rate sought as to Attorney Moran given rate determinations for attorneys of comparable experience in other social security cases in this District. *See Goodman v. Kijakazi*, 2022 WL 18034370, at *2 (D. Nev. Dec. 13, 2022) (awarding similar rate for attorney with ten years of experience). Lastly, the hours documented as expended on this matter appear to be reasonable. Docket No. 21-2 at 1.

Accordingly, the Court **GRANTS** the stipulation to award Plaintiff $9,542.52 in attorneys' fees pursuant to the EAJA, as well as $402 in costs pursuant to 28 U.S.C. § 1920.

IT IS SO ORDERED

Dated: July 1, 2024

_____
Nancy J. Koppe
United States Magistrate Judge